Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JANELLE MEACHAM, an Individual,<br><br>                Plaintiff,<br><br>    v.<br><br>NORTHWEST RENAL CLINIC, INC., a corporation,<br><br><br>                Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $69,458.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Janelle Meacham, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**INTRODUCTION**

This case goes to the heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the controversies surrounding management of the COVID-19 pandemic and vaccine mandates. In the end, though, this case is about the Plaintiff and the unlawful religious discrimination she suffered at the hands of her employer, Northwest

Page 1 –COMPLAINT FOR DAMAGES

Renal Clinic.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Janelle Meacham, lives in Washington County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about September 25, 2023.

2.

At all times material to this Complaint, Plaintiff was a resident of Washington County, Oregon.

3.

At all times material to this Complaint, Defendant Northwest Renal Clinic was regularly conducting business in the State of Oregon, specifically in Tualatin, Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff was employed by Northwest Renal Clinic for approximately six months as a Front Desk Administrator, where she checked in patients. The desk had a sliding glass partition and Plaintiff wore a mask.  During her hiring process, Plaintiff asked about COVID precautions and protocols and was told that staff did not need to have a COVID vaccination, and if religious exceptions were needed, they would be accepted.

6.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of her faith to the best of her ability.

Page 2 –COMPLAINT FOR DAMAGES

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities.

9.

Plaintiff was exposed to the harsh realities of the pandemic on a day-to-day basis, including the risk that she may become infected with the virus. Despite the risks, Plaintiff continued to provide an exceptional quality of work for Defendant. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her patients and colleagues. Plaintiff did so with little thought to herself because of her dedication to her work.

10.

For six months, Plaintiff scrupulously followed all rules and regulations to protect against infection, which included the wearing of personal protective equipment (PPE), hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

12.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for religious exceptions.  As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body per her interpretation of her faith in God and the Bible. Plaintiff also believes that life begins at conception and because the COVID-19 vaccines were either tested on or manufactured with aborted fetal cells, she could not in good conscience take one, as this would be profiting from the

Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

genocide of the unborn. On or about September 1, 2021, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted.

13.

Defendant denied Plaintiff's religious exemption request, and Plaintiff was informed that she must become vaccinated or be terminated.  Plaintiff was placed on unpaid leave and then terminated on or about October 8, 2021. 2021.

14.

The termination of Plaintiff's pay and retirement benefits has had a significantly negative impact on her life. Plaintiff is a single parent who had just finished school and was working to provide for herself and her family.  As a result of Plaintiff's unlawful termination, Plaintiff had to borrow money from her parents to pay the bills.  Although Plaintiff was able to obtain other employment, where her religious exception was accepted and accommodated, she had to take a reduction in pay. Prior to her termination, Plaintiff was earning approximately $17.00 hourly, plus benefits, for an annual salary of approximately $35,640.00.

15.

The Defendant has yet to explain why, in its view, after six months of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her being placed on unpaid administrative leave, and then terminated.

16.

The Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

17.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and emotional distress.

18.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

19.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

20.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

21.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with masks, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

22.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being placed on unpaid administrative leave, and then terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful effective termination.

Page 5 –COMPLAINT FOR DAMAGES

23.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff incurred economic and non-economic damages of no less than $69,458.00, or an amount to be determined at trial for wage and benefit loss, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

24.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

25.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

26.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

27.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with masking, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

28.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in placing

Page 6 –COMPLAINT FOR DAMAGES

Plaintiff on unpaid administrative leave, then termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

29.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial for economic and non-economic damages of no less than $69,458.00, or in an amount to be determined at trial for lost wages, lost benefits, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1.  A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial.

2.  Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3.  Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4.  Any other relief as the Court deems just and equitable.

DATED this 16th day of October, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999